FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES DISTRICT COURT** 2019 OCT 11  PM 12: 33
**FOR THE DISTRICT OF COLORADO**

JEFFREY P. COLWELL
CLERK

Civil Action No.  **19-cv-02362-GPG**          BY_____DEP. CLK

(To be supplied by the court)

## Raquell Neill
_____, Plaintiff

v.

## Frontier Airlines
_____,

_____,

_____,

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

**EMPLOYMENT DISCRIMINATION COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Raquell Neill, 16569 Summit Dr. Omaha, NE 68136

(Name and complete mailing address)

303-898-0032     raquellneill@gmail.com

(Telephone number and e-mail address)

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Frontier Airlines

(Name and complete mailing address)

7100 Tower Road, Denver, CO  80249

(Telephone number and e-mail address if known)

Defendant 2:

(Name and complete mailing address)

(Telephone number and e-mail address if known)

## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

X
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

X   Other: (*please specify*)  Discrimination with Retaliation

2

**D.   STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: **Title VII Sex Discrimination**

The conduct complained of in this claim involves the following: (*check all that apply*)

\_\_\_ failure to hire                    \_\_\_ different terms and conditions of employment

**X** failure to promote                    \_\_\_ failure to accommodate disability

**X** termination of employment          **X** retaliation

**X** other: (*please specify*) **failure to allow Plaintiff to interview**

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

\_\_\_ race          \_\_\_ religion          \_\_\_ national origin          \_\_\_ age

\_\_\_ color          **X** sex          \_\_\_ disability

Supporting facts:
Please see attached "D. STATEMENT OF CLAIMS

3

## "D. STATEMENT OF CLAIMS."

Comes now the Plaintiff, Raquell Neill, and files a notice of suit on and to her former employer, Frontier Airlines, located at 7100 Tower Road, Denver, CO 80249. This suit is based on a CHARGE OF SEX DISCRIMINATION. The facts surrounding this charge are based on facts as Frontier Airlines treated Ms. Neill unfairly as a woman and failed to provide the opportunity to operate within the scope of her job and apply and interview for the position she was doing for months, on a temporary basis.

The Plaintiff, Raquell Neill is a woman and therefore is in a protective class under Title 7 and requests this Court to review the facts of this case listed below and hold a hearing regarding the evidence presented and thereby hold the defendant accountable as charged. Because of the facts presented below, the Plaintiff, is requesting the Court to grant the relief of $300,000.00 to her for the following reasons:

In April 2016 the defendant hired Ms. Neill as Manager of Sales & Distribution. At the time, Ms. Neill reported to Michael Pewether who was her Director. Ms. Neill and her co-worker, Eric Engel both reported to Mr. Pewether. However, after approximately 2 months, Mr. Pewether was moved to another department within Frontier Airlines. Ms. Neill began reporting to VP Tyri Sqyres. While working for Michael Pewether, Ms. Neill's responsibilities included:  Positioning of Frontier Airlines in third party distribution channels for strategy, analysis, policy development, and implementation.  Lead and participate in e-commerce cross functionality teams to include IT and Business Analysts to develop and implement distribution related projects for example selling ancillary products.  Provide direction, feedback support to higher up management on functional, and project responsibilities.  Budget forecasting, relationships with GDS's/OTA's partners, and assist with sales, and marketing projects to further brand and increase sales.

After Mr. Pewether was moved to another department, (on or about July 2016) Ms. Neill's responsibilities increased to cover Mr. Pewether's duties which included but were not limited to the following: Distribution methods for various fare products (e.g., GDS/OTA's contracts, package net fares, etc.). Communicating significant competitor actions and Frontier's response to leadership. Sought out ways in which Frontier's pricing team could increase sells with third party distributions. Explored how new technologies could drive improvements to revenue, efficiency and fare filing accuracy and assisted with budgeting efforts as needed. In addition, Ms. Neill participated in project planning, process updates, and contributed to strategic planning. Despite doing Mr. Pewether's job, Ms. Neill was never given a change of title or pay. She did make a complaint regarding this issue to her former Director Michael Pewether.

It should be noted here that at this time, after Mr. Pewether was placed into another department, Ms. Neill reported directly to the VP Tyri Sqyres. Ms. Neill's duties were the duties of a Director, reporting to a VP and did so from approximately July 2016 to October 2017. This proves Ms. Neill was qualified to interview and be considered for the position of Senior Manager of Sales and Distribution. In addition, part of Ms. Neill's job responsibilities (both her regular job description and the job description of replacing Mr. Pewether) required traveling to vendor meetings. Ms. Neill did so while reporting to Mr. Pewether, however while reporting to Ms. Sqyres she was denied. However, VP Tyri Sqyres did allowed the men to have unlimited travel to attend meetings or events. When Ms. Neill asked why she could not travel via email, Ms. Sqyres advise this is not necessary.  And instead of embracing Ms. Neill as a woman,

Ms. Neill is claiming the defendant, Frontier Airlines targeted her as a woman without reason and replaced her with a man without giving Ms. Neill any opportunity to apply or interview for the position.

VP Tyri Sqyres was the VP of Marketing and did not understand sales and distribution as Mike Pewether did. Since Ms. Neill did, VP Tyri Sqyres should have allowed Ms. Neill to operate as hired, and travel. Travel was needed to perform her specific duties. However, Ms. Neill was not allowed. Ms. Neill, because of her added duties, worked closely with the legal department with distribution contracts. Ms. Neill, who has worked in the travel industry for over 26 years knew this denial was unnecessary and asked the legal department for help in responding to VP Tyri Sqyres. The legal department encouraged Ms. Neill to send to VP Tyri Sqyres a copy of the code of ethics which speaks to the gift and entertainment policy. This policy does speak to how Frontier Airlines builds relationships with the OTA's (Online Travel Agency's), who interact with Frontier Airlines. Ms. Neill did this, however, even though Ms. Neill had received an invitation to the U.S. Open, (an honor to receive in the industry), VP Tyri Sqyres again denied the travel request. However, shortly thereafter, the men in the department attended a baseball game, with customers, and that event required travel.

In October 2017, Ms. Neill was advised by VP Tyri Sqyres that a position for a Sr. Manager of Sales and Distribution would be posted. Meanwhile, still doing Mr. Pewether's job, Ms. Neill stated she would be applying for the position. VP Tyri Sqyres response to Ms. Neill was "well, we can't stop you." However, in actuality Frontier Airlines did stop Ms. Neill, because from that day forward, along with Eric Engel, who was Ms. Neill's co-worker, they together looked every day for the open position, however, it never presented itself within the Frontier Airlines career opportunity page.

Ms. Neill proved she was qualified for the position, but facts will show she was not allowed to apply or interview for the position. Ms. Neill also checked with Human Resources, (HR) and HR could not provide a date stamp of when the position was posted.

Even though Ms. Neill was actively performing her job duties and the job duties of the previous Director, for months, Ms. Neill was not given the opportunity to apply. Even if Ms. Neill "missed" the opening, Frontier Airlines Employee Handbook states a VP can give permission for an interview. This permission was never given. Frontier Airlines does acknowledge (even to the EEOC), that Ms. Neill, did inquired about the position. But, never was there an exception given to apply. Frontier Airlines states it followed "all" of its recruiting and hiring procedures when posting and interviewing for the Senior Manager of Sales and Distribution position, but Ms. Neill takes issue with that statement because she was not offered an exception even though she inquired about the position and Frontier Airlines is acknowledging that Ms. Neill did so. AND to this date, Ms. Neill has seen zero evidence of the position ever being posted. Eric Engel can also attest to this fact as well.

Ms. Neill was informed by an outside vendor for Frontier Airlines that Will Evans, a man, had been hired for the Sr. Manager of Sales and Distribution. Mr. Evans did not have the same experience and was not qualified for the position. After finding out about this, Ms. Neill ask VP Tyre Sqyres in a meeting, if indeed Mr. Evans had been hired. VP Tyre Sqyres denied that Will Evans had been hired, however, Ms.

Neill did some research and discovered there is evidence of him being interviewed 60 days prior to Ms. Neill even hearing of the job opening, AND Mr. Evans had also announced his start date via LinkedIn. After all of this, Ms. Neill had a meeting with Anthony Sabia, Manager of HR. Anthony Sabia, when asked by Ms. Neill, could not produce evidence the job was ever posted.

Within the scope of all of this Ms. Neill was also not allowed to attend Manager meetings, on or off campus, however, all of the men in the department were. At one point, there was a big conference that took place in the Utah area. The men (Stephen Shaw, Thomas, Kyle Carpenter and more), were allowed to attend, and Ms. Neill was not. After speaking to VP Tyri Sqyres about it, Raquell was approved for attending the conference for one day. VP Tyri Sqyres sent this approval for one day 48 hours prior to the event, when all the men attending were approved months before for the entire week. Previously, when Ms. Neill reported to Michael Pewether the travel and attending meetings with vendors and team member meetings was the expectation, never the exception. It should also be noted here that when Will Evans came on board with Frontier Airlines, as the Sr. Manager of Sales and Distribution, he traveled immediately.

There was also an individual, a man, Thomas Michael Laughershauer, in the department that would regularly shoot a nerf gun dart at Ms. Neill, Ms. Neill did complain to VP Tyri Sqyres about the behavior and nothing was done, and the behavior continued with laughter. Ms. Neill does have eye witnesses she can produce to testify to these actions. These darts caused welts and even bruises, still nothing was done to stop it.

Further, Ms. Neill's employment reviews were all "Met Expectations" and never below. However, the men in the department, who received the same type of review, (Doug Bertram, Eric Engel, Thomas Michael, Stephen Shaw), received 5% pay raises from VP Tyri Sqyres but as a woman, Ms. Neill received far less. Ms. Neill's raise came to below 2%. In addition, Ms. Neill worked overtime and weekends and the men in the department did not do so as it was not required.

Ms. Neill did have a conversation with Frontier Airlines legal representative regarding the issue, however, the meeting was informal and not necessarily deemed documented.

It was after all of these facts and a few more meetings with HR, Ms. Neill filed a sex discrimination charge. This charge was dated in December of 2017. Ms. Neill is not sure when the actual documentation arrived into the Frontier Airlines system, but Ms. Neill's position was eliminated in February 2018 and she was offered a severance package twice, one greater than the other, however, both contained the stipulation to include dropping the EEOC charge.

When Ms. Neill's position was eliminated, the situation was tense. Mr. Evans asked Ms. Neill to follow him to a conference room where Andrea Warfield, an HR Representative was sitting. With Will Evans present, Andrea Warfield pushed the paperwork toward Ms. Neill to sign in order to receive the severance with the stipulation of releasing Frontier Airlines from the EEOC charge. Ms. Neill told Ms. Warfield, she wasn't signing anything and stated I'd like to get my personal belongings. Ms. Neill was not

allowed to do this and was advised that her personal belongings will be mailed within 24hrs. Security then walked Ms. Neill out of the building as if Ms. Neill was fired, not as an employee whose position was eliminated. Frontier Airlines did send me my personal belongings, two days later, however, the items were carelessly shipped and arrived broken, and things were missing.

It was then that Ms. Neill amended her charge of discrimination to include the charge of retaliation the same day of being let go.

Ms. Neill was placed in a bad place financially and mentally by losing her job at Frontier Airlines and was not able to afford an attorney and therefore has represented herself. Ms. Neill cannot help but feel this case would have gone further with an attorney who knows the laws of this system. However, the EEOC did find it necessary to do an investigation and gave Ms. Neill the right to sue. Stating within the Dismissal and Notice of Rights to Sue letter (attached as Exhibit 1), specifically this statement: *This does not certify that the respondent is in compliance with the statues.*

In conclusion, I, Raquell Neill was treated unfairly and am petitioning this Court to intervene on my behalf. And I request that after the Court reviews the documents presented, and based on the fact that the EEOC basically said in its notice of dismissal that this investigation does not certify that Frontier Airlines (defendant), is in compliance with the statues, or in other words not following them. GRANT such relief to Plaintiff based on the right to sue, by the EEOC, for sex discrimination with retaliation as charged.

SIGNED: Raquell Neill, Plaintiff

DATED: 10/11/19

CLAIM TWO: Title 7 _____

The conduct complained of in this claim involves the following: (*check all that apply*)

____ failure to hire                    ____ different terms and conditions of employment

____ failure to promote                 ____ failure to accommodate disability

____ termination of employment          **X** retaliation

____ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

____ race          ____ religion          ____ national origin          ____ age

____ color         **X** sex             ____ disability

Supporting facts:

See attach page as Exhibit D-1 (Statement of Claims)

**Click Here for Additional Claim**

4

## D-1 Statement of Claims

## Title 7 Retaliation

I was discriminated against because of my sex. I complained to Michael Pewether, my former boss and to Anthony Sabia, of Human Resources and nothing became of it.

During my exit meeting, Andrea Warfield of Human Resources, pushed the signing documents toward me insisting that I sign the severance package along with the release form to release the charge I filed with the EEOC.

Filed the Sex Discrimination charge in December 2017 and on February 2018 I was losing my job. It should be noted here Frontier Airlines when confronted by the EEOC regarding the charge, Frontier Airlines in their response to the EEOC stated they had not even done a full investigation yet.

I believe I did lose my job because I held Frontier Airlines accountable for their poor performance regarding my protected class as a female.

I hereby incorporate all allegations and again request this Court take action of relief on my behalf in the amount of $300,000.00.

_Raquell Neill_                                    10/11/19

Raquell Neill                                      Dated

## E.   ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment
Opportunity Commission or any other federal or state agency? (*check one*)

☑ Yes (*You must attach a copy of the administrative charge to this complaint*)

☐ No

Have you received a notice of right to sue? (*check one*)

☑ Yes (*You must attach a copy of the notice of right to sue to this complaint*)

☐ No

## F.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed
to identify the relief you are requesting, use extra paper to request relief. Please indicate that
additional paper is attached and label the additional pages regarding relief as "F. REQUEST
FOR RELIEF."*   Please see attached "F Request for Relief"

## G.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this
complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746;
18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an improper
purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) is supported by existing law or by a nonfrivolous argument for extending or modifying
existing law; (3) the factual contentions have evidentiary support or, if specifically so identified,
will likely have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Raquell Neill
(Plaintiff's signature)

10/11/19
(Date)

(Revised December 2017)

5

## "F. REQUEST FOR RELIEF."

I, Ms. Neill, Plaintiff is requesting relief of $300,000.00 for the following reasons: Loss wages and damages including benefits and commissions, compensatory and punitive damages.

I am also requesting a jury trial.

I hereby incorporate all allegations presented.

Raquell Neill

Raquell Neill, Plaintiff

10/11/19

Dated

Exhibit 1

EEOC Form 161 (1/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Raquell Neill<br>11551 Lakeside Drive<br>Doral, FL 33178 | From: Denver Field Office<br>303 East 17th Avenue<br>Suite 410<br>Denver, CO 80203 |
|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32A-2018-00123 | Philip Gross,<br>Supervisory Investigator | (303) 866-1318 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐ Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA)**: EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Amy Burkholder,
Field Office Director

JUN 0 6 2019
*(Date Mailed)*

Enclosure(s)

cc:   FRONTIER AIRLINES
LITTLER MENDELSON, P.C.

| CHARGE OF DISCRIMINATION | EEOC Charge No. |
|---|---|
| The Privacy Act of 1974 affects this form.<br>See Privacy Act Statement before completing this form. | CCRD Charge No.<br>FE2018235675 |

| COLORADO CIVIL RIGHTS DIVISION AND EEOC | |
|---|---|
| Name *(Charging Party)*<br>Raquell Neill | (Area Code) Telephone<br>(303) 898-0032 |
| Street Address<br>699 W. 29th Ave., Apt. 3145 | City, State, and Zip Code<br>Denver, CO 80202 | County<br>Denver |

The Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local Government Agency who discriminated against me is:

| Name *(Respondent)*<br>Frontier Airlines, Inc. | Number of Employees<br>15+ | (Area Code) Telephone<br>(801) 401-9000 |
|---|---|---|
| Street Address<br>7001 Tower Rd. | City, State, and Zip Code<br>Denver, CO 80249 | County<br>Denver |

| Discrimination Based on:<br>Sex (Female); Retaliation | Date Most Recent Discrimination Occurred<br>November 8, 2017 |
|---|---|

**I.  Jurisdiction:** The Colorado Civil Rights Division has jurisdiction over the subject matter of this charge; that each named Respondent is subject to the jurisdiction of the Colorado Civil Rights Division and is covered by the provisions of the Colorado Revised Statutes (C.R.S. 1973, 24-34-301, et. seq.), as reenacted.

**II.  Personal Harm:** On or about October 31, 2017, I was not promoted based on my sex (Female) and/or in retaliation for engaging in protected activity. That on or about November 8, 2017, and prior thereto, I was subjected to adverse terms and conditions of employment based on my sex and/or in retaliation for engaging in protected activity.

**III.  Respondent's Position:** Unknown

**IV.  Discrimination Statement:** I believe I was discriminated against because of my sex (Female) and/or in retaliation for engaging in protected activity in violation of the Colorado Anti-Discrimination Act (CADA). 1) I began employment with the Respondent on or about April 28, 2016. My most recent job title was Manager of Distribution and Sales. I performed satisfactorily at all times. 2) In or about October of 2017, my supervisor, Tyri Squyres ("Squyres") informed me that the Respondent was hiring a senior manager and the position would be posted soon. I informed Squyres that I was planning on applying and she responded by saying, "We can't stop you from applying." I believed I was qualified for the position. 3) In or about October of 2017, and prior thereto, Squyres would not allow me to go to the manager meetings or conferences when all other managers were able to go. Squyres also precluded me from going to other company sponsored events, but she allowed the males employees to go to these events. Squyres demands that I work on my days off and on weekends, but she does not demand this on my male colleagues. Additionally, my pay increase did not match my male-counterparts, even though my percentage of evaluation was the same as them. 3) On or about November 8, 2017, I complained to the Respondent's HR Manager, Anthony Fabia. No action was taken. 4) On or about November 13, 2017, the Respondent hired an individual, who is not in my protected class, as the new senior manager. 5) I believe I was discriminated against based on my protected class and/or in retaliation for engaging in protected activity.

**V.  WHEREFORE:** The Charging Party prays that the Colorado Civil Rights Division grant such relief as may exist within the Division's power and which the Division may deem necessary and proper.

I want this charge filed with both the Equal Employment Opportunity Commission and the State or local agency, if

any. I will advise the agency if I change my address or telephone number, and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 12/4/2017        Charging Party/Complainant (Signature) *Raquell Neill*

COLO CRS CIVIL **RIGHTS**

MAR **1 6** 2018

DIVISION

| **AMENDED CHARGE OF DISCRIMINATION**<br>The Privacy Act of 1974 affects this form.<br>See Privacy Act Statement before completing this form. | EEOC Charge No.<br>32A-2018-00123<br>CCRD Charge No.<br>FE2018235675 |
|---|---|

| COLORADO CIVIL RIGHTS DIVISION AND EEOC | | |
|---|---|---|

| Name  *(Charging Party)* | | (Area Code) Telephone |
|---|---|---|
| Raquell Neill | | (303) 898-0032 |
| Street Address | City, State, and Zip Code | County |
| 699 W. 29th Ave.  Apt. 3145 | Denver, CO 80202 | Denver |

The Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local Government Agency who discriminated against me is:

| Name  *(Respondent)* | Number of Employees | (Area Code)  Telephone |
|---|---|---|
| Frontier Airlines, Inc. | 15+ | (801) 401-9000 |
| Street Address | City, State, and Zip Code | County |
| 7001 Tower Rd. | Denver, CO 80249 | Denver |

| Discrimination Based on: | Date Most Recent Discrimination Occurred |
|---|---|
| Sex (Female); Retaliation | November 8, 2017 |

I. **Jurisdiction**: The Colorado Civil Rights Division has jurisdiction over the subject matter of this charge; that each named Respondent is subject to the jurisdiction of the Colorado Civil Rights Division and is covered by the provisions of the Colorado Revised Statutes (C.R.S. 1973, 24-34-301, et. seq.), as reenacted.

II. **Personal Harm**: On or about October 31, 2017, I was not promoted based on my sex (Female) and/or in retaliation for engaging in protected activity. That on or about November 8, 2017, and prior thereto, I was subjected to adverse terms and conditions of employment based on my sex and/or in retaliation for engaging in protected activity. That on or about February 19, 2018, I was discharged based on my protected class and/or in retaliation for engaging in protected activity.

III. **Respondent's Position**: Unknown

IV. **Discrimination Statement**: I believe I was discriminated against because of my sex (Female) and/or in retaliation for engaging in protected activity in violation of the Colorado Anti-Discrimination Act (CADA). 1) I began employment with the Respondent on or about April 28, 2016. My most recent job title was Manager of Distribution and Sales. I performed satisfactorily at all times. 2) In or about October of 2017, my supervisor, Tyri Squyres ("Squyres") informed me that the Respondent was hiring a senior manager and the position would be posted soon. I informed Squyres that I was planning on applying and she responded by saying, "We can't stop you from applying." I believed I was qualified for the position. 3) In or about October of 2017, and prior thereto, Squyres would not allow me to go to the manager meetings or conferences when all other managers were able to go. Squyres also precluded me from going to other company sponsored events, but she allowed the males employees to go to these events. Squyres demands that I work on my days off and on weekends, but she does not demand this on my male colleagues. Additionally, my pay increase did not match my male-counterparts, even though my percentage of evaluation was the same as them. 3) On or about November 8, 2017, I complained to the Respondent's HR Manager, Anthony Fabia. No action was taken. 4) On or about November 13, 2017, the Respondent hired an individual, who is not in my protected class, as the new senior manager. 5) On or about February 19, 2018, I was discharged based on my protected class. 6) I believe I was discriminated against based on my protected class and/or in retaliation for engaging in protected activity.

V. **WHEREFORE**: The Charging Party prays that the Colorado Civil Rights Division grant such relief as may exist within the Division's power and which the Division may deem necessary and proper.

I want this charge filed with both the Equal Employment Opportunity Commission and the State or local agency, if any. I will advise the agency if I change my address or telephone number, and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date  3/16/18          Charging Party/Complainant (Signature) Roswell Neill



**COLORADO**
Department of
Regulatory Agencies

Colorado Civil Rights Division

1560 Broadway Street, Suite 1050
Denver, CO 80202

March 22, 2018

Sent via postal mail and email
raquellneill@gmail.com

Raquell Neill
699 W. 29th Ave. Apt. 3145
Denver, CO 80202

Dear Ms. Neill:

Your Charge of Discrimination has been amended to add discharge by Respondent as an allegation.

Please maintain this copy for your records.

Respectfully,

**Alba Gonzalez**
Investigator
Colorado Civil Rights Division

P 303.894.7406 | F 303.869.0439
1560 Broadway, Suite 1050 Denver, CO 80202
alba.gonzalez@state.co.us | www.dora.colorado.gov/crd



 **COLORADO**
Department of
Regulatory Agencies
Colorado Civil Rights Division

1560 Broadway Street, Suite 1050
Denver, CO  80202

Frontier Airlines, Inc.
Labor Relations
Attn: Jacalyn Peter or authorized representative
4545 Airport Way
Denver, CO 80239

RE:  Charge No. FE2018235675, Raquell Neill v. Frontier Airlines, Inc.

Dear Ms. Peter:

Pursuant to Commission Rule 10.4, Section F, we are notifying you that the above-captioned charge of discrimination has been **amended**, a copy of which is enclosed.  This amendment will relate back to the date that the original charge was first mailed.  The reason for the amendment of the original charge is:

> The Complainant alleges that she was discharged after the initial Charge of Discrimination was filed. The discharge allegation has been added to the Amended Charge attached hereto.

Please provide a statement responding to the allegations no later than April 21, 2018.

If you have any questions, please contact me at 303-894-7406.

Respectfully,

Alba Gonzalez
Investigator

March 22, 2018
Date

Enclosure:  Amended Charge

cc: Raquell Neill





# COLORADO

**Department of Regulatory Agencies**
Colorado Division of Civil Rights

March 22, 2018

Frontier Airlines, Inc.
Labor Relations
Attn: Jacalyn Peter or authorized representative
4545 Airport Way
Denver, CO 80239

>       Case Number: FE2018235675
>       *Raquell Neill v. Frontier Airlines, Inc.*

Dear Sir or Madam:

You are hereby notified that Raquell Neill, the Complainant, has filed an amended complaint/charge of alleged discrimination with the Colorado Civil Rights Division, naming Frontier Airlines, Inc. as the Respondent. Pursuant to the Commission Rules, you are being furnished with a copy of the Amended Charge of Discrimination.

Served with this notice and charge of discrimination is a Request for Information. Frontier Airlines, Inc. is hereby required to provide a response to the enclosed Request for Information within 30 days from the date of this notice.

When a charge of discrimination is filed with the Colorado Civil Rights Division, the Division initiates a timely investigation of this claim. Due to the general legal requirements that the administrative processing of this charge be completed within 270 days, your timely compliance with this request is essential. The data that you submit in response to this request may be sufficient for us to complete our investigation. However, if we need additional information at a later date, we will count on your continued cooperation to help us resolve this charge as efficiently as possible. If you have any question about the investigative process you may contact the investigator assigned to this claim.

You may obtain the name of the assigned investigator by calling the Division's general office number at (303) 894-2997.  Please provide the receptionist with the case number (cited above in this letter) and the name of the person who filed the charge (Complainant).

Additionally, the Division affords the parties the opportunity to try to reach early resolution of a case through its "Alternative Dispute Resolution (ADR)" process. The ADR process is a mediation forum for trying to reach resolution through settlement negotiation. It is not an adversarial proceeding for the parties to present their positions relative to the facts of the charge. If both parties agree to participate in

the ADR conference, the Division will authorize postponement of the 30-day deadline for submitting a response to the enclosed Request for Information, contingent upon your agreement to grant the Colorado Civil Rights Division a 90-day Extension of Jurisdictional Time. The 90-day extension to the 270-day jurisdictional time limit will provide the Division adequate time to conduct the investigation should the mediation be unsuccessful.  If the mediation fails, a response to the Request for Information will be due 21 days from the date of the failed mediation. If you have any questions regarding the ADR process or wish to schedule mediation, please contact the Division at (303) 894-2997 within 20 days of the date of this letter and ask to speak with the supervisor of the ADR Unit in order to register your interest in participating in mediation through the Division. Contingent upon the Charging Party's agreement to participate, a mediation date will be scheduled.

Questions regarding matters other than mediation should be addressed to the assigned investigator.


Aubrey Elenis

Director



**COLORADO**
Department of
Regulatory Agencies
Colorado Civil Rights Division

1560 Broadway Street, Suite 1050
Denver, CO 80202

## REQUEST FOR INFORMATION

A complaint has been filed with the Colorado Civil Rights Division (CCRD) against your company. So that we may deal with this charge in an efficient manner, please submit the following specific, written information and/or documentation by the deadline indicated in the service letter. Your failure to do so may result in CCRD issuing a finding based on the available evidence.

Please be advised that you are expected to provide a complete response to each question. If you, or your representative, believe that a question is impermissible, is not relevant, or is overly broad in scope, do not simply object and/or decline to answer. Rather, contact the assigned investigator to discuss your concerns. Failure to do so will be viewed as a refusal to cooperate. The investigator is always willing to discuss the scope of the request, and in most instances, can narrow, modify and/or clarify it to ensure that only information essential to the specific facts and allegations of your case is required.

---

**SUBPOENA POWER NOTICE:** You should be aware that the State of Colorado's Anti-Discrimination statute grants the Director of the Colorado Civil Rights Division the authority to subpoena witnesses and to compel the production of books, papers and records relevant to any unfair employment practice [C.R.S. 24-34-306(2)(a)]. Such subpoena is enforceable in the district court in which the alleged discriminatory practice occurred. Subpoena authority is exercised only when, in the judgment of the Director, the Respondent's failure to voluntarily cooperate makes it necessary.

---

The information submitted by both parties is considered in deciding the merits of the allegation(s). Per the Commission's procedural regulations, this information in its entirety is made available to the opposing party, who then is given an opportunity to review and provide a response. The information is not made available to the public.

**PLEASE NOTE:** The Civil Rights Division **requires** comparative workforce data related to this claim, and as such, may request information regarding the demographics of



your workforce. In many such instances, the Division is unable to finish processing the claim without such information. Such information, as requested, is intended to assist us in conducting a demographic analysis that is relevant to this claim. As such, please provide comparative data relevant to the claim whenever asked to do so. However, the Division is also aware that some demographic information may not be recorded in the ordinary course of business, such as sexual orientation information. Thus, when such information seems to be requested, but is not of the type commonly recorded (such as race, sex, national origin, etc.), you must contact the investigator on the case to discuss the specifics of what must be provided.

**Please provide the following:**

1.  The full and correct name of the company if it is incorrect on the administrative complaint. Please specify your form of organization (e.g. LLC, PC, Ltd). Identify any person who should be copied on the correspondence and provide their contact information (e.g. e-mail address, telephone number). In addition, if there is another company or entity who you believe may be jointly responsible for the alleged adverse action (e.g. a parent corporation, staffing agency, etc.) please provide identifying information.

2.  Describe the nature of the business (type of goods or services it provides).

3.  Indicate if there are currently more or less than fifteen (15) employees. If there are less than fifteen (15), provide a list of all persons employed within the past two-year period. For each cited person, indicate his or her dates of employment. (For cases in which age is involved, indicate if there are more or less than twenty (20) employees.)

4.  A "position statement" which responds fully and specifically to all allegations of discrimination presented in the Charge of Discrimination. If possible, please provide the statement in chronological order. Include the following:

    a.  Detailed description of all events surrounding the allegations of discrimination.
    b.  The name, position title and protected class information for **each person** involved in these events. (For example, if the Charging Party has alleged discrimination based on age and race, provide age and race information for each person listed. If the Charging Party alleges age and sex, provide the age and sex of each person listed.)
    c.  If the Charging Party alleges adverse employment action (such as termination or discipline) was taken against the Charging Party,



provide justification for such action and accompanying documentation (such as disciplinary actions, internal investigation, etc.) to support such reasoning.

d. For some protected classes, such as (but not limited to) disability and religion, indicate when you became aware of the Charging Party's protected class. (E.g. if the Charging Party alleges a disability, when were you made aware, if at all, of such disability?)

e. For retaliation claims, indicate when you became aware that the Charging Party engaged in a civil rights protected activity and what action, if any, you took in response to this civil rights protected activity. Protected activity is opposing unlawful discrimination (e.g. complaining of discrimination to the employer or other member of management, EEOC, CCRD, etc.) or engaging in a discrimination proceeding (e.g. testifying in a civil rights-related investigation or trial).

f. Provide statements, preferably sworn affidavits, from current employees who can support the responses you make in your position statement.

     i. For <u>harassment complaints, you must provide an affidavit from the individual cited as the alleged harasser</u>. If the alleged harasser is no longer employed, provide the above requested identifying information, the separation date and a brief reason for the separation.

5. The job description for the position to which the Charging Party was employed, or for which the Charging Party applied and was allegedly not hired, promoted, etc.

6. A copy of the Charging Party's complete personnel records, including accolades, warnings, reprimands, and evaluations.

7. A copy of the Employee Handbook applicable during the Charging Party's employment. Please note if an Employee Handbook does not exist.

a. Provide copies of all relevant policies. For example, if harassment is involved, provide a copy of the harassment policy. If discipline is involved, provide a copy of the progressive discipline policy. Please note if the requested policies are not in existence.

8. Provide copies of applications and/or resumes for either the person or person(s) who replaced the Charging Party or, if applicable, those who were promoted, hired or rehired instead of the Charging Party.



a. Provide the name, job or position title, and protected class information for the individual(s) who made the personnel decision at issue.

**For the following items, provide information for one (1) year preceding the date that the Charge of Discrimination was filed.**

9. Provide a list of all current employees, with relative protected class information, name, employment dates and job or position title.

10. If applicable, provide a list of all employees who were hired or rehired for the position sought by the Charging Party. Specify each employee's relative protected classes (for example, if the Charging Party has alleged discrimination based on age and race, provide age and race information for each person listed.). Also provide that person's name, dates of employment, and the job or position title.

11. If applicable, provide a list of all employees who were subject to similar disciplinary action or adverse employment action. Specify their relative protected classes, names, dates of employment, job or position titles and the type of adverse action taken.

12. If applicable, provide a list of all employees who were subjected to similar adverse employment actions[s] as alleged by the Charging Party (suspension, demotion, discharge, etc.), whether or not such action was implemented for the same reason it was taken against the Charging Party. For each individual identified, specify, their relative protected class[s], names, dates of employment, job or position title, and reason for which the adverse action was taken. For example, if the Charging Party alleges suspension leading to discharge, provide a list of individuals who were also suspended and discharged during the relevant time period.

13. [If harassment or a complaint of discrimination to management or a supervisor is involved:] Provide a list of all employees who complained of discrimination or harassment, the date of the complaint, the individuals involved, and the relative protected class information for the complaining employee and the persons of which he or she complained. Also, provide details regarding the resolution of the complaint.



| **THIRD AMENDED CHARGE OF DISCRIMINATION**<br>The Privacy Act of 1974 affects this form.<br>See Privacy Act Statement before completing this form. | EEOC Charge No.<br>32A-2018-00123<br>CCRD Charge No.<br>FE2018703067 |
|---|---|

| *COLORADO CIVIL RIGHTS DIVISION AND EEOC* | | |
|---|---|---|
| **Name  *(Charging Party)***<br>Raquell Neill | | **(Area Code) Telephone**<br>(303) 898-0032 |
| **Street Address**<br>699 West 29th Avenue Apt 3145 | **City, State, and Zip Code**<br>Denver, CO 80202 | **County**<br>Denver |

**The Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local Government Agency who discriminated against me is:**

| **Name   (*Respondent*)**<br>Frontier Airlines, Inc. | **Number of Employees**<br>15+ | **(Area Code)  Telephone**<br>(801) 401-9000 |
|---|---|---|
| **Street Address**<br>4545 Airport Way | **City, State, and Zip Code**<br>Denver, CO 80239 | **County**<br>Denver |
| **Discrimination Based on:**<br>Sex (Female); Retaliation | **Date Most Recent Discrimination Occurred**<br>8/1/2017 | |

I. **Jurisdiction:** Each named Respondent is subject to the jurisdiction of the Colorado Civil Rights Division and the Equal Employment Opportunity Commission and is covered by the provisions of the Colorado Revised Statutes (C.R.S. 1973, § 24-34-301 et seq.) as re-enacted, the Equal Pay Act of 1963 (EPA) (29 U.S.C. § 206 et seq.), and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 200e et seq.).

II. **Personal Harm:** On or about October 31, 2017, I was not promoted based on my sex (Female) and/or in retaliation for engaging in protected activity. That on or about November 8, 2017, and prior thereto, I was subjected to adverse terms and conditions of employment, and was not paid fairly based on my sex and/or in retaliation for engaging in protected activity. That on or about February 19, 2018, I was discharged based on my protected class and/or in retaliation for engaging in protected activity.

III. **Respondent's Position:** Unknown.

IV. **Discrimination Statement:** I believe I was unlawfully discriminated against because of: my sex (Female) and/or in retaliation for engaging in protected activity in violation of the Colorado Anti-Discrimination Act (CADA), the Equal Pay Act of 1963 (EPA), and Title VII of the Civil Rights Act of 1964. 1) I began employment with the Respondent on or about April 28, 2016. My most recent job title was Manager of Distribution and Sales. I performed satisfactorily at all times. 2) In or about October of 2017, my supervisor, Tyri Squyres ("Squyres") informed me that the Respondent was hiring a senior manager and the position would be posted soon. I informed Squyres that I was planning on applying and she responded by saying, "We can't stop you from applying." I believed I was qualified for the position. 3) In or about October of 2017, and prior thereto, Squyres would not allow me to go to the manager meetings or conferences when all other managers were able to go. Squyres also precluded me from going to other company sponsored events, but she allowed the males employees to go to these events. Squyres demands that I work on my days off and on weekends, but she does not demand this on my male colleagues. Additionally, my pay increase did not match my male-counterparts, even though my percentage of evaluation was the same as them. 3) On or about November 8, 2017, I complained to the Respondent's HR Manager, Anthony Fabia. No action was taken. 4) On or about November 13, 2017, the Respondent hired an individual, who is not in my protected class, as the new senior manager. 5) On or about February 19, 2018, I was discharged based on my protected class. 6) I believe I was discriminated against based on my protected class and/or in retaliation for engaging in protected activity.

V. **WHEREFORE:** The Charging Party prays that the Colorado Civil Rights Division grant such relief as may exist within the Division's power and which the Division may deem necessary and proper.

I want this charge filed with both the Equal Employment Opportunity Commission and the State or local agency, if any. I will advise the agency if I change my address or telephone number, and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 10/18/18          Charging Party/Complainant (Signature) Raquell Neill

JS 44 (Rev. 06/17)   District of Colorado Form     **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**(b)** County of Residence of First Listed Plaintiff   Douglas County (Nebraska)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Denver County (Colorado)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Discrimination with retaliation
Brief description of cause:  ☐ AP Docket  Loss of Job due to deceitful hiring processes.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ over $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   NONE   JUDGE _____   DOCKET NUMBER _____

DATE   10/11/19      SIGNATURE OF ATTORNEY OF RECORD   PRO SE Raquell Neill

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____