**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-02362-NRN

RAQUELL NEILL,

      Plaintiff,

v.

FRONTIER AIRLINES,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

      Plaintiff Raquell Neill ("Plaintiff" or "Neill") and Defendant Frontier Airlines, Inc. ("Defendant" or "Frontier") seek to prevent the unauthorized disclosure of trade secrets, sensitive information, client confidential information, personal information, employee related information, trade secrets and other confidential information, including, but not limited to, documents, materials, testimony, transcripts of testimony, interrogatory responses, electronic data (including, but not limited to, emails), expert opinions, programs, and other writings and tangible things containing, disclosing, reflecting, referring to, or evidencing any information or documents produced during the course of discovery in the above-captioned case (hereinafter "Confidential Material").

      Now, therefore, it is hereby stipulated and agreed as follows:

      1.    **Definition of Confidential Material.**  As used in this Order, "Confidential Material" is defined as information that any party designates in good faith that he, she, or it previously has maintained in a confidential manner, taking measures to protect the information

from public disclosure.

    2.    **Form and Timing of Designation.**  Any party may designate documents as containing Confidential Material and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  The designation CONFIDENTIAL–ATTORNEYS' EYES ONLY shall be used only when a designating party believes in good faith that a document contains financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information, and that the designating party in good faith believes it has taken reasonable measures to keep secret.   As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Material.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents

and do not otherwise disclose the substance of the Confidential Material are not required to be marked.

3. **Depositions, Documents, and Information.** A Party may designate as Confidential Material any document or information produced by or testimony given by any other person or entity that the Party reasonably believes qualifies as such Party's Confidential Material pursuant to this Stipulated Protective Order. If any non-party produces information that any Party in good faith believes constitutes its Confidential Material, the Party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any Party receiving information from a non-party shall treat such information as Confidential Material until this thirty (30) day period has expired, or a designation of confidentiality is made. In the event a Party seeks to designate as Confidential Material all or a portion of a deposition that qualifies for designation as Confidential Material under the standards set forth in this Stipulated Protective Order, such Party shall notify all of the parties when the deposition is taken or no later than thirty (30) calendar days after receipt of the completed errata sheet for the deposition transcript in question. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. All materials in a deposition transcript will be treated as Confidential Material until the foregoing time period has expired or a designation of confidentiality is made. Notwithstanding anything in this order, deposition transcripts that have been redacted to remove all testimony and exhibits designated as confidential maybe retained by counsel after this matter concludes.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate documents previously produced in this litigation or unintentionally produced in the future as containing

Confidential Material may be retroactively designated in the same manner and shall be treated fully subject to this Stipulated Protective Order from the date written notice of the designation is provided to the receiving Party, so long as a claim of confidentiality is asserted within 30 calendar days after discovery of the inadvertent failure.

5. **General Protections.** All Confidential Material, and information derived from Confidential Material, shall be used solely for the purposes of this action, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding. The recipients shall act to minimize the number of persons to whom such Confidential Material is disclosed. The Parties agree to cooperate fully and in good faith with each other in attempting to resolve any disputes that may arise as to the terms and effect of this Stipulated Protective order so that recourse of the Court may be kept at a minimum.

6. **Who May View Information Designated as CONFIDENTIAL — ATTORNEYS' EYES ONLY.** Except with the prior written consent of the designating Party or prior order of the court, documents and information designated as CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed only to the following persons:

   a. The attorneys for each party, "in house" corporate attorneys, and paralegals, secretarial or clerical staff of each such attorney

   b. The Court and Court officials (including court reporters, recorders, and videographers, and any special master or technical advisory appointed by the Court) and the Court's staff in connections with the Court's administration and adjudication of this Action;

   c. Members of the jury;

4

    d. Any mediator appointed by the Court or jointly selected by the parties;

    e. Outside counsel to a party (whether or not they have entered appearance in this action) and legal, clerical, paralegal and secretarial staff of or retained by outside counsel, including outside copying services;

    f. Experts or consultants retained by counsel in connection with this action, only for the purpose of enabling the expert or consultant to prepare a written opinion, to prepare to testify at trial, hearings, or depositions in this case, or to otherwise assist counsel in the prosecution or defense of this action. Before receiving any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material, the expert or consultant shall agree to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for the purposes of enforcement of the terms of this Order, and agreeing not to disclose or use the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials for purposes other than those permitted by this Order.

    g. Any person who prepared a document that has been designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or who is listed on the fact of such a document as a recipient of the document, but the disclosure is limited to the specific designated material disclosed in the particular document prepared or received by such person.

    h. Any person who is alleged to have had access to, misappropriated, or otherwise use a document that has been designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      i. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation.

      j. Other persons only upon consent of the designating party and on such conditions as the parties may agree.

7. **Who May View Information Designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.** Material designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER may be disclosed only to the following persons:

      a. The Court and Court officials (including court reporters, recorders, and videographers, and any special master or technical advisory appointed by the Court) and the Court's staff in connection with the Court's administration and adjudication of this Action;

      b. Any named party, outside counsel to a party (whether or not they have entered appearances in this action), and legal, clerical, paralegal, and secretarial staff employed or retained by outside counsel, including outside copying services;

      c. Members of the jury;

      d. Any mediator appointed by the Court or jointly selected by the parties;

      e. Experts or consultants retained by counsel in connection with this action, only for the purpose of enabling the expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings, or depositions in this case, or to otherwise assist counsel in the prosecution or defense of this

6

    action. Before receiving any Confidential Material, the expert or consultant shall agree to be bound by the terms and conditions of this Order consenting to the jurisdiction of the Court for the purposes of enforcement and the terms of this Order, and agreeing not to disclose or use the Confidential Materials for purposes other than those permitted by this Order;

 f. A deposition witness questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that (i) the witness agrees to be bound by the terms of this Order, or (ii) if the witness refuses to be bound by this Order and the witness' refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness that the information to be communicated is Confidential, subject to the Protective Order in this case, may be used only in connection with that deposition, may not be communicated to any other person, that the witness is subject to the Protective Order, and that any misuse of the Confidential Material will violate the Order.

 g. The claims counsel or representative of any insurer of any party, provided that (1) the disclosure is made only in connection with a claim or defense or indemnity arising from this action, and (2) claims counsel or representative agrees to be bound by the terms of this Order.

 h. Any individual identified by a party as a person with knowledge, but only to the extent necessary to assist counsel in the prosecution or defense of this

action, and provided the person agrees to be bound by the terms of this Order.

i. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying.

j. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation.

k. Other persons only upon consent of the designating party and on such conditions as the parties may agree.

8. **Obligations of Persons in Receipt of Confidential Material.** Any persons entitled to receive Confidential Material by virtue of Paragraphs 6 or 7 shall first be advised of the existence and content of this Stipulated Protective Order and shall agree to be bound by the provisions thereof. Each person referred to in subparagraphs 6(d-j) and 7(d-k) who has been shown or given access to Confidential Material, or information derived therefrom, shall sign an undertaking in the form attached as Exhibit A to this Order, stating that he or she has read a copy of this Stipulated Protective Order and agrees to be bound by its provisions. Signed undertakings shall be retained by counsel for the Party who provides such material or information to such person and shall upon request be provided to counsel for the opposing Party.

9. Except as provided herein, this Stipulated Protective Order shall remain in effect after this litigation has been concluded by way of settlement, judgment, or otherwise, including the exhaustion of any and all appeals. No person, including the Parties hereto, having received

Confidential Material shall distribute or communicate that Confidential Material to anyone after the conclusion of the litigation. Nothing in this Stipulated Protective Order shall prohibit any Party or Parties who first produce Confidential Material from using or distributing that Confidential Material in other business matters unrelated to this litigation.

10. **Challenges to Designation.** The designation of any material or document as CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL–ATTORNEYS' EYES ONLY is subject to challenge by any party. No Party shall be obligated to challenge the propriety or status of any document as Confidential Material and a failure to make such a challenge shall not preclude a subsequent challenge to that status by any Party. Before filing any motion or objection to a designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a designation remains with the designating party. Until the court rules on the challenge, all parties must continue to treat the materials as designated under the terms of this Order.

11. **Treatment of Confidential Material in Providing Counsel.** Nothing contained in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client in this matter and, in the course thereof, from generally referring to or relying upon his or her examination of Confidential Material; provided, however, that an attorney cannot provide specifics regarding material that has been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12. **Inadvertent Disclosure of Confidential Material Designated by Other Party.** If any Confidential Material designated by a Party or person under the terms of this Stipulated Protective Order is disclosed by a receiving Party to any person other than in the manner authorized by this Stipulated Protective Order, the receiving Party responsible for the disclosure must immediately inform the Party who designated the information as Confidential Material pursuant to the terms of this Stipulated Protective Order of all pertinent facts relating to such disclosure, and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received the Confidential Material. Any Confidential Material that is inadvertently disclosed to any person other than in the manner authorized by this Stipulated Protective Order shall retain its Confidential designation and shall be treated as Confidential Material pursuant to this Stipulated Protective Order.

13. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Neither the provisions of this Stipulated Protective Order nor any disclosure by any Party pursuant hereto shall constitute a waiver of any attorney-client, work product or joint defense/common interest privilege, including the protections afforded by any applicable Rules of Civil Procedure or by common law. The terms and provisions of this Stipulated Protected Order shall not be deemed or interpreted to require the disclosure or production of any Party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery. In the event any Party or person inadvertently or unintentionally produces or discloses any document or information protected by the attorney-client privilege, join defense/common interest privilege, or any work product doctrine, including but not limited to the protections afforded by any applicable

Rules of Civil Procedure or Common by common law, the Party or person who receives such document or information shall, upon written request by the Party or person who produced such document or information, immediately return it and all copies of it to the Party or person who produced or disclosed such document or information.

14. **Filing of Confidential Material.**  Any Confidential Material designated by a Party, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by this Stipulated Protective Order. The Party filing any paper that reflects, contains, or includes any Confidential Material subject to this Stipulated Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the Party filing the materials, the nature of the materials filed, and the legend CONFIDENTIAL FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER OF THIS COURT.

15. **Order Subject to Modification.**  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  Any Party may seek a modification or termination of this Stipulated Protected Order by first attempting to obtain the consent of the other Party to the proposed modification and, absent concurrence, upon application to the Court.

16. This Stipulated Protective Order shall not and does not constitute authority or authorization for any person not a party hereto to insist upon access to or inspection of any information or documents to which that person would not, in the absence of the entry of this Stipulated Protective Order, be otherwise entitled under law.

17. **Obligations on Conclusion of Litigation.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation. Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all Parties must return to the designating Party all Confidential Material in their possession or in the possession of their agents, including any copies thereof; or, by mutual agreement at the conclusion of this action, the Parties may destroy any such Confidential Material, with the exception that all copies of Confidential Material (as defined in Paragraph 2) may be destroyed at the receiving party's discretion. If the Confidential Material is destroyed rather than returned to the designating party, the receiving party must provide written communication of the destruction of the Confidential Material to the designating party. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. This Order shall survive the termination of this action and continue in full force and effect unless waived by the written consent of the producer.

18. **Jurisdiction.** This Court shall have jurisdiction over the Parties hereto with respect to any dispute concerning the enforcement or interpretation of this Stipulated Protective Order and the use of the Stipulated Protective Order.

IT IS SO STIPULATED. THROUGH COUNSEL OF RECORD.

/s/ *Danielle L. Kitson*
Danielle L. Kitson
Carolyn B. Theis
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
Email: dkitson@littler.com
   catheis@littler.com
*Defendant Frontier Airlines, Inc.*

/s/
Raquell Neill
16569 Summit Drive
Omaha, NE 68136
Phone: 303 898-0032
Email: raquellneill@gmail.com

*Plaintiff Pro Se E-Filer*

13

## EXHIBIT A

## UNDERTAKING

The undersigned has read the annexed Stipulated Protective Order, understands its contents, and hereby undertakes to make no disclosures of any Confidential Material, as that term is defined in the annexed Stipulated Protective Order, to any person who is not permitted to have access to such Confidential Material by the Stipulated Protective Order. In addition, the undersigned agrees not to use such Confidential Material for any purpose whatsoever other than in connection with this action. The undersigned agrees to return all Confidential Material supplied by any Party, directly or indirectly, and all copies thereof and all notes or other transcripts made therefrom, to the party producing the Confidential Material, within thirty (30) days of the conclusion of this action and any appeals thereof. The undersigned understands that a violation of this undertaking is punishable as contempt of court.

_____