**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-02362-NRN

RAQUELL NEILL,

      Plaintiff,

v.

FRONTIER AIRLINES, INC.,

      Defendant.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER AND FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS**

---

Plaintiff Raquell Neill, by and through her attorneys, respectfully submits this Opposition to Defendant's Motion to Amend Scheduling Order and For Extension of Time to Respond to Plaintiff's Discovery Requests, as follows:

First, Plaintiff understands that the COVID-19 pandemic has caused disruptions in the airline industry. She herself is employed in the same industry, albeit without the substantial and significant resources of Frontier Airlines, a major commercial airline that is staffed with an in-house legal team, paid outside counsel, and management that could easily respond to very basic, rudimentary discovery requests that were served months ago on March 5, 2020. Plaintiff, who was not represented by pro se counsel at the time, prepared the discovery requests on her own and served these very simple 13 interrogatories and 5 requests for production (with no subparts), compared with Frontier's extensive discovery requests (containing multiple subparts). See Exhibit "A" attached

hereto. Yet, Plaintiff has been working diligently towards serving its discovery responses on May 6, 2020, as previously agreed. Notably, Plaintiff's questions include those such as why was Plaintiff discharged and who was involved in the termination – simple, unobjectionable questions that would take relatively little time to respond to. Indeed, Defendant clearly already has these responses in hand after responding to the charge of discrimination Plaintiff exhausted with the EEOC, prior to filing suit here in district court.

Second, this would be the <u>third</u> extension on discovery responses. The first joint stipulation for extension of 21 days was filed with the Court on March 13, 2020 [Dkt. No. 42]. On April 6, 2020, Plaintiff filed a Motion for Extension of Time to Serve Discovery Responses [Dkt. No. 46], seeking a mutual 30-day extension of time. As the Motion clearly indicates, the extension request was filed because <u>Defendant</u> had requested an additional 30 days to respond to Plaintiff's discovery's requests and Plaintiff agreed as long as it was a mutual extension. Plaintiff's counsel filed the motion only after Defendant's counsel indicated she would not have time to prepare the motion prior to the due date for Plaintiff's discovery responses.

Third, it is not true that delaying this case would not prejudice any party. Plaintiff has been living from the trauma of this matter since 2017, when Frontier engaged in discrimination and retaliation against her. Plaintiff timely exhausted administrative remedies with the EEOC and then filed her case in district court. Scheduling of this case for trial has already been delayed once when Defendant's response to the Amended Complaint was filed [Dkt. No. 21]. She is concerned that with each extension, her trial date will be moved further down the Court's very busy calendar, which presumably has already been impacted by COVID-19. Plaintiff simply wishes for this case to move

forward in an expeditious manner so she can obtain some much needed closure and resolution.

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Amend Scheduling Order and For Extension of Time to Respond to Plaintiff's Discovery Requests and move the case forward on the current timeline.

Dated: May 5, 2020                              Respectfully submitted,


                                                *s/    Deborah E. Yim*
                                                Deborah E. Yim, Esq.
                                                PRIMERA LAW GROUP, LLC
                                                3900 E. Mexico Street, Suite 300
                                                Denver, CO 80210
                                                (720) 239-2567
                                                dyim@primeralaw.com

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-02362-NRN

RAQUELL NEILL,

            Plaintiff,

v.

FRONTIER AIRLINES, INC.,

            Defendant.

---

**PLAINTIFF RAQUELL NEILL'S FIRST SET OF DISCOVERY REQUESTS DIRECTED**
**TO DEFENDANT FRONTIER AIRLINES, INC.**

---

        Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff, Raquell Neill ("Ms. Neill" or "Plaintiff") submits its First Set of Discovery Requests Directed to Defendant, Frontier Airlines ("Frontier" or "Defendant"). Defendant must individually answer fully, in writing, and under oath, each Interrogatory, and serve those responses on Raquell Neill at 16965 Summit Dr. Omaha, NE 68136 on or before April 6, 2020. Documents and tangible things responsive to Plaintiffs' Requests for Production of Documents should be made available for copying and inspection to Ms. Neill on or before April 6, 2020.

**INSTRUCTIONS**

        A.    <u>Complete Answers.</u> In answering these discovery requests you are requested to furnish all information that is available to you, including that which has been obtained by and that which is now in the possession of your attorneys, employees, agents and other representatives, and not merely the information known by the individuals preparing the response.  If you are unable to

answer any of these discovery requests fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answers, so state, and in addition, answer each such interrogatory or request to the fullest extent possible, specifying your knowledge, and the reason for your inability to answer the remainder, and state whatever information or knowledge you may have concerning the answered portions thereof.

B.    Duty to Supplement. Each of the following discovery requests is a continuing one. If you later obtain, or become aware of, any further information pertaining to these discovery requests, you are requested to serve upon Ms. Neill, Plaintiff, amended answers setting forth such information.

C.    Custody or Control. If any document referred to or requested in your answers to these discovery requests was, but no longer is, in your possession, custody or control, or the control of your agents or representatives, state whether it: (1) is missing or lost; (2) has been destroyed; and/or (3) has been transferred to others, identifying the recipient, and describe the circumstances surrounding any disposition of the document.

D.    Privilege. Whenever any discovery request calls for the identity of a document or communication to which you claim privilege, include a privilege log setting forth: (1) the identification of such document or communication; (2) the dates of the communication or document; (3) the identity of the persons who were parties to the communications; and, (4) the fact that you claim privilege and the basis asserted for such claim.

E.    Further instructions can be found in Federal Rule of Civil Procedure 33, 34 and 36.

**DEFINITIONS**

A.    As used in this document, "Defendant" or "You" or "Your" or "Yourself" refers to

Defendant, Frontier Airlines.

B.     As used in this document, the terms "Plaintiff" or "Ms. Neill" shall include all persons acting or purporting to act on behalf of Ms. Neill.

C.     "Complaint" or "Amended Complaint" means Plaintiff's First Amended Complaint filed on October 11, 2019, Case No. 19-cv-02362-NRN, Docket Number 9, in the United States District Court for the District of Colorado, as well as any subsequent amendments.

D.     "Communications" means any transmission of thoughts, opinions, or information by speech, writing or signs.

E.     "Describe in detail," when used with respect to an event means to state: (a) the date, time and location of the event; (b) the identification of all persons who were present when the event occurred or otherwise witnessed the event; and (c) a detailed description of the event.

F.     "Describe in detail," when used with respect to a communication means to state: (a) the date and time of the communication; (b) the means of communication (e.g., telephone, electronic mail, in person) and, if in person, the location of the communication; (c) the full name of all parties to the communication; and (d) what was said by each party to the communication.

G.     "Document" means all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted or executed, including, but not limited to, written communications, letters, correspondence, memoranda, minutes, notes, photographs, slides, videotapes, motion pictures, tapes or sound records, recordings of any type, e-mails, text messages, SMS/MMS text messages, social media postings, or computer records or files, electronic data, contracts, agreements, loan applications, loan

documents, financing agreements, insurance applications, insurance policies, performance reports, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, loan sheets, checks, checkbooks, personal expense accounts, plans, blueprints, drawings, or material similar to any of the foregoing, however denominated and by whomever prepared or to whomever addressed, which are in Defendant's possession, custody, or control, or to which Defendant has, has had, or can obtain access.

  H. "Identify" or "identification" means, when used in reference to:

    1. A natural person:

      a. Full name;

      b. Present or last known residence and business address (including street name and number, city or town, and state or country) and telephone number;

      c. Present position, business affiliation, and job description (if the present business or residence address or present position, business affiliation, or job description are unknown, such a statement and the corresponding last known such information);

      d. Position, business affiliation, and job description at the time in question, with respect to the interrogatory or other request involved.

    2. A document:

      a. Its description (e.g., letter, memorandum, report, etc);

      b. Its title, date, and the number of pages thereof;

    c.      Its subject matter;

    d.      Its author's identity;

    e.      Its addressee's identity;

    f.      The identity of each person who signed it;

    g.      The identity of each person who received it;

    h.      Its present location and its custodian's identity (if such document was, but is no longer, in the possession of or subject to control of the Defendant, such a statement and the manner and date of the deposition made thereof).

3.      An oral communication:

    a.      Its date and the place where it occurred;

    b.      Its substance;

    c.      The identity of each person to whom such communication was made, and each person who was present when such communication was made.

4.      Any other context:

    a.      A description with sufficient particularity that the thing may thereafter be specified and recognized, including relevant dates and places, and the identification of relevant people, entities and documents.

    b.      When used as a part of a request for facts to support a particular allegation or contention, it includes identification of documents

produced by others as part of the discovery process, experts' reports, and applicable portions of deposition transcripts, identification of oral communications, any and all other forms of recorded facts, whether or not you have finally decided on its use at trial.

I.      The term "person" includes natural persons, partnerships, limited partnerships, associations, leagues, corporations, governments (including all instrumentalities, offices, agents, subdivisions thereof), trusts, funds, and all other business, legal or artificial entities.

J.      As used herein, "relate" or "relating to" when used with respect to a document, agreement, subject or fact, means reflecting, showing, embodying, containing, evidencing, concerning, pertaining to, regarding, reciting, recording, supporting, refuting or referring to such matter.

K.      To the extent any term is not defined in these discovery requests, it shall be defined as it is defined in the Federal Rules of Civil Procedure or applicable case law.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Why was Ms. Neill discharged?

**ANSWER:**

**INTERROGATORY NO. 2:**

Who was involved, and/or participated in the decision of separating Ms. Neill from the company?

**ANSWER:**

**INTERROGATORY NO. 3:**

Please identify each person who was VP of HR April 2016-March 2018, including the dates other person(s) tendered?

**ANSWER:**

**INTERROGATORY NO. 4:**

Provide a list of all employees from sales, marketing, pricing, group desk, and distribution promoted between April 2016-March 2018.

**ANSWER:**

**INTERROGATORY NO. 5:**

What day was Mr. William Evans interviewed for the Senior Manager of Distribution position?

**ANSWER:**

**INTERROGATORY NO. 6:**

When was the Senior Manager position posted?

**ANSWER:**

**INTERROGATORY NO. 7:**

When was Mr. William confronted and by who regarding the open Senior Manager of Distribution position?

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify each person promoted without the position being posted between the dates of April 2016-March 2018:

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify all persons answering or supplying information used in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify by name, date, and court any other lawsuits, arbitrations, judicial proceedings, civil, criminal, or administrative cases (including charges filed with the Equal Employment Opportunity Commission, state human rights commission, workers' compensation claims, and claims for unemployment benefits), to which you have ever been a party.

**ANSWER:**

**INTERROGATORY NO. 11:**

Describe the selection process in step by step detail as to how candidates were evaluated and selected for the subject position.

**ANSWER:**

**INTERROGATORY NO. 12:**

Explain fully the safeguards used, if any, employed and put into place by the Selecting and/or recommending officials and communicated to the supervisors/managers involved in the candidate selection for the purpose to protect against possible or potential bias or discriminatory actions prohibited by law in the selection process.

**ANSWER:**

**INTERROGATORY NO. 13**

What is Anthony Sabia's current title?

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Copy of Ms. Neill's employee file

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 2:

Copy of William Evans employee file

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 3:

Copy of Sr. Manager of Distribution job posting/opening with history of date.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 4:

Phone recording between Anthony Sabia and Ms. Neill

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 5:

Copy of Anthony Sabia's employee file

Respectfully submitted this 6th day of March 2020.

*Raquell Neill*
_____

Raquell Neill
16569 Summit Drive
Omaha, NE 68136
raquellneill@gmail.com
*Plaintiff (pro se)*

**VERIFICATION**

STATE OF COLORADO        )

                                    ) SS

COUNTY OF _____     )

       I, _____, being duly sworn upon my oath, state that the above and foregoing answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

                                                       _____

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2020.

                                                       _____

NOTARY PUBLIC

My Commission Expires:   _____


## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 6th day of March 2020, I served the foregoing **PLAINTIFF'S RAQUELL NEILL'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT** via email in Microsoft Word format to the following:

> Danielle L. Kitson
> Carolyn B. Theis
> LITTLER MENDELSON, P.C.
> 1900 Sixteenth Street, Suite 800
> Denver, CO  80202
> Telephone: 303.629.6200
> Facsimile: 303.629.0200
> Email:  dkitson@littler.com
>               catheis@littler.com
>
> *Attorneys for Defendant Frontier Airlines, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-02362-NRN

RAQUELL NEILL,

       Plaintiff,

v.

FRONTIER AIRLINES, INC.,

       Defendant.

---

**DEFENDANT FRONTIER AIRLINES, INC.'S FIRST SET OF DISCOVERY REQUESTS
DIRECTED TO PLAINTIFF RAQUELL NEILL**

---

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant") submits its First Set of Discovery Requests Directed to Plaintiff Raquell Neill ("Neill" or "Plaintiff"). Neill must individually answer fully, in writing, and under oath, each Interrogatory, and serve those responses on Frontier at the offices of Littler Mendelson, P.C. c/o Carolyn B. Theis, 1900 16th Street, Suite 800, Denver, CO 80202 on or before March 16, 2020. Documents and tangible things responsive to Defendants' Requests for Production of Documents should be made available for copying and inspection at the offices of Frontier's undersigned counsel on or before March 16, 2020.  Alternatively, Plaintiff may produce copies of such documents at the offices of Frontier's undersigned counsel on or before March 16, 2020.

**INSTRUCTIONS**

A.    <u>Complete Answers.</u> In answering these discovery requests you are requested to furnish all information that is available to you, including that which has been obtained by and that

which is now in the possession of your attorneys, employees, agents and other representatives, and not merely the information known by the individuals preparing the response. If you are unable to answer any of these discovery requests fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answers, so state, and in addition, answer each such interrogatory or request to the fullest extent possible, specifying your knowledge, and the reason for your inability to answer the remainder, and state whatever information or knowledge you may have concerning the answered portions thereof.

B.      Duty to Supplement. Each of the following discovery requests is a continuing one. If you later obtain, or become aware of, any further information pertaining to these discovery requests, you are requested to serve upon Frontier amended answers setting forth such information.

C.      Custody or Control. If any document referred to or requested in your answers to these discovery requests was, but no longer is, in your possession, custody or control, or the control of your agents or representatives, state whether it: (1) is missing or lost; (2) has been destroyed; and/or (3) has been transferred to others, identifying the recipient, and describe the circumstances surrounding any disposition of the document.

D.      Privilege. Whenever any discovery request calls for the identity of a document or communication to which you claim privilege, include a privilege log setting forth: (1) the identification of such document or communication; (2) the dates of the communication or document; (3) the identity of the persons who were parties to the communications; and, (4) the fact that you claim privilege and the basis asserted for such claim.

E.      Further instructions can be found in Federal Rule of Civil Procedure 33, 34 and 36, which are attached to these Requests for your convenience.

## DEFINITIONS

A.    As used in this document, "Plaintiff" or "You" or "Your" or "Yourself" refers to Plaintiff Raquell Neill.

B.    As used in this document, the terms "Defendant" or "Frontier" shall include all persons acting or purporting to act on behalf of Frontier Airlines, Inc., or on behalf of its predecessors, subsidiaries, parents or affiliates.

C.    "Complaint" or "Amended Complaint" means Plaintiff's First Amended Complaint filed on October 11, 2019, Case No. 19-cv-02362-NRN, Docket Number 9, in the United States District Court for the District of Colorado, as well as any subsequent amendments.

D.    "Communications" means any transmission of thoughts, opinions, or information by speech, writing or signs.

E.    "Describe in detail," when used with respect to an event means to state: (a) the date, time and location of the event; (b) the identification of all persons who were present when the event occurred or otherwise witnessed the event; and (c) a detailed description of the event.

F.    "Describe in detail," when used with respect to a communication means to state: (a) the date and time of the communication; (b) the means of communication (e.g., telephone, electronic mail, in person) and, if in person, the location of the communication; (c) the full name of all parties to the communication; and (d) what was said by each party to the communication.

G.    "Document" means all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted or executed, including, but not limited to, written communications, letters, correspondence, memoranda,

minutes, notes, photographs, slides, videotapes, motion pictures, tapes or sound records, recordings of any type, e-mails, text messages, SMS/MMS text messages, social media postings, or computer records or files, electronic data, contracts, agreements, loan applications, loan documents, financing agreements, insurance applications, insurance policies, performance reports, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, loan sheets, checks, checkbooks, personal expense accounts, plans, blueprints, drawings, or material similar to any of the foregoing, however denominated and by whomever prepared or to whomever addressed, which are in Plaintiff's possession, custody, or control, or to which Plaintiff has, has had, or can obtain access.

  H. "Identify" or "identification" means, when used in reference to:

    1. A natural person:

      a. Full name;

      b. Present or last known residence and business address (including street name and number, city or town, and state or country) and telephone number;

      c. Present position, business affiliation, and job description (if the present business or residence address or present position, business affiliation, or job description are unknown, such a statement and the corresponding last known such information);

      d. Position, business affiliation, and job description at the time in question, with respect to the interrogatory or other request involved.

    2. A document:

       a.      Its description (e.g., letter, memorandum, report, etc);

       b.      Its title, date, and the number of pages thereof;

       c.      Its subject matter;

       d.      Its author's identity;

       e.      Its addressee's identity;

       f.      The identity of each person who signed it;

       g.      The identity of each person who received it;

       h.      Its present location and its custodian's identity (if such document was, but is no longer, in the possession of or subject to control of the Plaintiff, such a statement and the manner and date of the deposition made thereof).

3.      An oral communication:

       a.      Its date and the place where it occurred;

       b.      Its substance;

       c.      The identity of each person to whom such communication was made, and each person who was present when such communication was made.

4.      Any other context:

       a.      A description with sufficient particularity that the thing may thereafter be specified and recognized, including relevant dates and places, and the identification of relevant people, entities and documents;

b.     When used as a part of a request for facts to support a particular allegation or contention, it includes identification of documents produced by others as part of the discovery process, experts' reports, and applicable portions of deposition transcripts, identification of oral communications, any and all other forms of recorded facts, whether or not you have finally decided on its use at trial.

I.     The term "person" includes natural persons, partnerships, limited partnerships, associations, leagues, corporations, governments (including all instrumentalities, offices, agents, subdivisions thereof), trusts, funds, and all other business, legal or artificial entities.

J.     As used herein, "relate" or "relating to" when used with respect to a document, agreement, subject or fact, means reflecting, showing, embodying, containing, evidencing, concerning, pertaining to, regarding, reciting, recording, supporting, refuting or referring to such matter.

K.     To the extent any term is not defined in these discovery requests, it shall be defined as it is defined in the Federal Rules of Civil Procedure or applicable case law.

## FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person who supplied information concerning the answers and responses to these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify all persons known or believed by you to have knowledge of any facts, events, circumstances, or issues relating to the matters set forth in your Complaint.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify all employers for whom you have worked from April 25, 2011 to the present, stating for each:

a.      The name and present or last known address and phone number of the employer;

b.      The dates you were employed by that employer;

c.      Your position with that employer;

d.      The earnings (if from self-employment, both gross and net), compensation and other benefits you received during such employment, including commissions, bonuses, etc.;

e.      The names of your immediate supervisor(s);

f.      The reason for your separation from employment; and

g.      Any disciplinary action, including termination from employment, to which the employer subjected you.

This interrogatory includes any period of self-employment.  **Additionally, please execute a copy of the attached employment records release (Exhibit A) for each employer so that Frontier may obtain your employment records from the employers.**

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify and fully describe any efforts that you have made to seek employment or other

means of income since February 19, 2018.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify and describe in detail each and every act of discrimination that you contend you experienced during your employment with Frontier.  For each such act, state:

    a.  The name of the individual(s) whom you contend discriminated against you;

    b.  The action taken or representation made by the individual(s) that you contend constitutes sex discrimination;

    c.  The date of the alleged discriminatory action(s);

    d.  Any witnesses to the alleged discrimination; and

    e.  Whether and to whom you reported the alleged discrimination.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify the name(s) and title(s) of the person(s) to whom you allegedly complained regarding each alleged act of discrimination listed in your response to Interrogatory 5. In responding to this interrogatory, please state:

    a.  The date(s) that you complained or reported the alleged discrimination;

    b.  Whether each such complaint was oral or written;

    c.  Any individuals/employees who received a copy of your complaint, if written;

    d.  The name(s) and title(s) of the person(s) who witnessed the complaints; and

    e.  The response or action taken in response to each complaint.

**INTERROGATORY NO. 7:**

Describe in detail each and every request for approval to attend a meeting and/or travel you allege you were denied during your employment with Frontier. For each such request, state:

    a.  The date, location, and purpose of each meeting and/or travel;

    b.  The date that you requested approval to attend each meeting and/or travel;

    c.  The name of the individual(s) from whom you requested approval to attend each meeting and/or travel;

    d.  Whether each request to attend the meeting and/or travel was written or oral;

    e.  The response or action taken in response to each request to attend each meeting and/or travel; and

    f.  The name(s) and title(s) of the person(s) who you claim Frontier permitted to attend each meeting and/or travel.

    **ANSWER:**

**INTERROGATORY NO. 8:**

Identify and explain in detail each and every act of retaliation that you contend you experienced during your employment with Frontier.  For each such act, state:

    a.  The name of the individual(s) whom you contend retaliated against you;

    b.  The action taken or representation made by the individual(s) that you contend constitutes retaliation;

    c.  The date of the alleged retaliatory action(s);

    d.  Any witnesses to the alleged retaliation; and

    e.  Whether and to whom you reported the alleged retaliation.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify the name(s) and title(s) of the person(s) to whom you allegedly complained regarding each alleged act of retaliation listed in your response to Interrogatory 8. In responding to this interrogatory, please state:

a. The date(s) that you complained or reported the alleged retaliation;

b. Whether each such complaint was oral or written;

c. Any individuals/employees who received a copy of your complaint, if written;

d. The name(s) and title(s) of the person(s) who witnessed each complaint; and

e. The response or action taken in response to each complaint.

**ANSWER:**

**INTERROGATORY NO. 10:**

Please separately identify each and every disease, illness, injury, disability, defect, medical symptom or other physical or mental condition which you claim was caused or aggravated by Frontier as a result of Frontier's alleged improper conduct set forth in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 11:**

Please identify any and all health care practitioners, including, but not limited to, physicians, therapists, psychologists, psychiatrists, clinics, counselors or any other health care provider of any kind, who you have consulted and/or who has treated you for any illness, disability, or mental condition which you claim was caused or aggravated by Frontier as a result of Frontier's alleged improper conduct as set forth in the Complaint. **Additionally, please execute a copy of**

**the attached medical release in Exhibit B for each provider so that Frontier may obtain your medical records. Please also execute a copy of the Authorization for Release of Psychotherapy Notes, attached as Exhibit C, for each identified mental health care provider so that Frontier may obtain your psychotherapy records from the mental health care provider(s).**

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify and fully describe any and all types of damages or injuries of any kind or nature that you allege you have suffered and are seeking relief from or compensation for in this case, and with respect to each, identify and describe the following:

a. specific type of injury alleged;

b. specific type of damages incurred;

c. amount of recovery sought for any specific type of injury or damages alleged;

d. the method used to compute each item of damages; and

e. any and all documents supporting your claims for damages.

**ANSWER:**

**INTERROGATORY NO. 13:**

Identify by name, date, and court any other lawsuits, arbitrations, judicial proceedings, civil, criminal, or administrative cases (including charges filed with the Equal Employment Opportunity Commission, state human rights commission, workers' compensation claims, and claims for unemployment benefits), to which you have ever been a party (as a plaintiff or a defendant) or a witness.

**ANSWER:**

**INTERROGATORY NO. 14:**

Please state whether you have ever pled guilty (or *nolo contende*) to or been convicted of any criminal charge.  If your answer is yes, please state the following with respect to each incident:  the nature of the charge; the date of the plea or conviction; the court in which the charge was raised; and the sentence you received.

**ANSWER:**

**INTERROGATORY NO. 15**

Identify each social networking account that you have used since April 2016, whether a blog, Facebook, MySpace, LinkedIn, Twitter, YouTube, Google+, Classmates, Flickr, or otherwise, and for each, provide your public username, the email address associated with the account, the website address, and the dates the account has been active.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents and tangible things that you reviewed, regardless of whether ultimately relied upon, for responding to the above Interrogatories and/or referenced in such Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents and tangible things that you reviewed, regardless of whether ultimately relied upon, for purposes of preparing the allegations set forth in your Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents that relate to your employment with and separation from Frontier, including without limitation personnel documents, evaluations, job descriptions, policy and procedures manuals, any other manuals, documents describing your duties and responsibilities as a Frontier employee, any e-mail or text message communications with or about any of Frontier's agents, and anything that you took from Frontier when your employment was terminated.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents which relate to the Charge of Discrimination filed with the Colorado Civil Rights Division (CCRD) and Equal Employment Opportunity Commission (EEOC) on or about December 4, 2017 and/or the Amended Charge of Discrimination filed with the CCRD and EEOC on or about March 16, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents which relate to your efforts to gain employment after your separation from employment with Frontier including, but not limited to, copies of applications for training and/or education, copies of resumes, employment applications, letters to prospective employers, and correspondence between you and any employment agencies, recruiters, or headhunters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Produce any diaries, notes, correspondence, memoranda, calendars, journals, daily,

weekly, or monthly planners, social media postings, or other similar materials from April 2016 to the present, demonstrating your state of mind or memorializing any aspect of your employment or separation from employment with Frontier, including any journal or diary of any sort kept during your employment with Frontier.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Produce any and all documents and tangible things which you contend reflect, show, or demonstrate discrimination on the basis of sex by any employee or agent of Frontier.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce any and all documents and tangible things which you contend reflect, show, or demonstrate retaliation against you by any employee or agent of Frontier.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents or tangible things which reflect, show, or demonstrate income or compensation (including salary, wages, bonuses, unemployment compensation, disability payments, benefits, and any other thing of value) received by you since April 25, 2011, including pay stubs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents that you provided to or received from any government or administrative agency, including, but not limited to, the EEOC relating to Frontier, your

employment with Frontier, the separation of your employment with Frontier, and/or the subject matter of this litigation.

## REQUEST FOR PRODUCTION NO. 11:

Produce all of your federal, state, and local income tax returns, receipts, check stubs and W-2 forms that indicate the transfer of funds to you, whether private or governmental transfer payments, including wages, passively earned income, and benefits of any kind, from 2011 to the present.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 12:

Produce copies of all statements (written, recorded, sworn or otherwise), provided by you to anyone, or to you from anyone, relating to the subject matter of this Action.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 13:

Produce all documents, including, but not limited to, correspondence, memoranda, notes, video or audio recordings, transcriptions, written statements or other reductions to writing, of interviews or conversations with any individual, including any former agent or employee of Frontier, concerning your employment with Frontier or the subject matter of this litigation.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 14:

If your claim for compensatory damages includes any type of emotional damages or mental anguish, produce all documents relating to any emotional or mental injury or illness, which you contend resulted from your employment with Frontier, including, but not limited to,

all medical records, reports, bills, diagnoses, prescriptions, or any communications with any physician, psychiatrist, nurse, counselor, therapist, or other practitioner of the healing arts regarding such injury or illness. **Additionally, please execute a copy of the attached medical release in Exhibit B for each provider so that Frontier may obtain your medical records. Please also execute a copy of the Authorization for Release of Psychotherapy Notes, attached as Exhibit C, for each identified mental health care provider so that Frontier may obtain your psychotherapy records from the mental health care provider(s).**

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

 Produce all documents, which relate or refer to any claim(s) you made for any type of government (federal, state, or local) benefits assistance during or subsequent to your employment with Frontier, including but not limited to claim(s) for unemployment insurance or disability benefits.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

 If your claim for compensatory damages in this lawsuit includes any type of emotional damages or mental anguish, provide a copy of all your social networking content since April 2014 that relates to any of your emotions, feelings, or mental states, as well as your communications that reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents, electronically stored information, and tangible things on which you base any computation of your damages in this action (including materials bearing on the nature and extent of injuries suffered), including, but not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

**RESPONSE:**

Respectfully submitted this 14th day of February, 2020.

*/s/ Carolyn B. Theis*

Danielle L. Kitson
Carolyn B. Theis
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
Email:  dkitson@littler.com
            catheis@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

**VERIFICATION**


STATE OF COLORADO                    )

                                     ) SS

COUNTY OF _____            )


       I, _____, being duly sworn upon my oath, state that the above and foregoing answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.


_____


SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2020.


_____

NOTARY PUBLIC


My Commission Expires:  _____

18

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 14th day of February, 2020, I served the foregoing **DEFENDANT FRONTIER AIRLINES, INC.'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF** via email in Microsoft Word format to the following:

Raquell Neill
16569 Summit Drive
Omaha, NE 68136
rquellneill@gmail.com

*Plaintiff (pro se)*

*s/Joanna Fox*
Joanna Fox, Legal Secretary

19

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:


Counsel for Defendant:

Danielle L. Kitson (dkitson@littler.com)
Carolyn B. Theis (catheis@littler.com)
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202

I hereby certify that on this 5th day of May, 2020, I electronically served the foregoing on the following email address:

Plaintiff:

Raquell Neill (raquellneill@gmail.com)
16569 Summit Drive
Omaha, NE 68136


s/   *Deborah E. Yim*
Deborah E. Yim, Esq.
Primera Law Group, LLC
3900 E. Mexico Street, Suite 300
Denver, CO 80210
(720) 239-2567
dyim@primeralaw.com

4