IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02362-NRN

Raquell Neill,

    Plaintiff,

v.

Frontier Airlines

    Defendant.

## MOTION FOR APPOINTMENT OF COUNSEL

I am a Raquell Neill, plaintiff in this case and am currently not represented by counsel. I believe that I am unable to proceed with the assertion of my *employment discrimination on the basis of race, color, religion, sex, or national origin and in addition discrimination charge with retaliation* claims in this case without the assistance of counsel. I believe I qualify for the appointment of counsel from the Civil Pro Bono Panel.

Under the court's Civil Pro Bono Representation rule, D.C.COLO.LAttyR 15, a judicial officer of this court may enter an Appointment Order authorizing appointment by the clerk of a member of the court's Civil Pro Bono Panel when the following considerations weigh in favor of appointment:

(1) the nature and complexity of the action **[Describe below:]**

As this court is aware, Plaintiff's Pro Bono Counsel, Deborah E. Yim of Primera Law Group, LLC and Clinton Burke of Flat Creek Law, PLLC have withdrawn from representing Plaintiff for financial reasons resulting from COVID-19 situation and its impact on Counsel's law practices and personal lives.

Plaintiff understands both lawyers were "burning both sides of the candle" trying to maintain the law practices while trying to also manage their pro bono caseload and personal commitments. Plaintiff also understands COVID-19 amplified these challenges.

Since the case is still early on in its litigation, Plaintiff is once again, petitioning this Honorable Court to obtain the appointment for Pro Bono Counsel.

(2) the potential merit of the claims or defenses of the unrepresented party;

Plaintiff continues to question Defendant, Frontier Airlines responses especially in light of their "commitment to equal opportunity for its employees."

(3) the demonstrated inability of the unrepresented party to retain an attorney by other means;

Plaintiff's situation has not changed much since obtaining Pro Bono Counsel from this Honorable Court. I do have a job, however, my income has been reduced, do to COVID-19 by 25%, I am still also living with my brother in Nebraska. I have housing, thanks to my brother in Nebraska, however, I do not own stocks or bonds or property myself.

(4) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel: As the Plaintiff, representing myself I am unsure of how to depose individuals and how to ask experts to back up my case. As well as the challenge of interpreting any motion the defendant may file. In addition, if the Defendant, Frontier will not consider participating in a magistrate-led settlement conference to see if we can resolve this case, I will need to start preparing for trial.

D.C.COLO.LAttyR 15(f)(1)(B); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

I am aware that **I am obligated, as a party in this case representing myself, to meet all obligations and deadlines imposed** under the law and the rules of procedure, local rules, and the practice of standards of this court until appointed counsel formally enters an appearance in this case. I also confirm that I understand that, in the event this motion is granted, **there is no guarantee that appointment of counsel results in an attorney(s) automatically entering an appearance in this case** – only that a member of the Civil Pro Bono Panel will review the case for possible representation.

**[Please check one or both of the following options:]**

__X_____ **General Representation** – I request that appointment of volunteer counsel be granted by the court for *general* representation in this civil action subject to the rules and procedures set forth in D.C.COLO.LAttyR 15.

_____ **Limited Representation** – I request that appointment of volunteer counsel be granted by the court for the *limited* representation purpose of:

_____

_____

[examples of purposes for limited representation include amending a pleading / drafting a motion / appearing at a conference, hearing, or trial / assisting with a settlement conference / etc.]

I understand that counsel's *limited* representation may be allowed in accordance with D.C.COLO.LAttyR 2(b)(1), under the auspices of the Civil Pro Bono Panel program and its benefits.

I confirm that I have conferred with the opposing counsel in good faith regarding this motion, as required under local rule D.C.COLO.LCivR 7.1(a) [1].

Dated at __Omaha__ (city), __NE,__ (state), this __1ST__ day __July__, 20__20__.

__Raquell Neill__ / *Raquell Neill*
(Unrepresented Party's Name)

__16569 Summit Dr, Omaha, NE. 68136__
(Address)

__303 898-0032__
(Phone Number)

---

[1] **[Note:** Local Rule D.C.COLOLCivR 7.1(a) requires a party (including an unrepresented party) to confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party about the subject of their motion before filing the motion and to describe the specific efforts to fulfill this duty. However, the duty to confer is not required under the local rules for a motion filed in a case involving an unrepresented prisoner.**]**